UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON DIVISION
C.A. No. _____

PARASKEVI CIULLA,

    Plaintiff,

v.

SHARON PUBLIC SCHOOLS,

    Defendant.

CASE NO.

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, Paraskevi Ciulla is a resident of Brockton, Massachusetts.

2. Defendant, Sharon Public Schools is a Municipality with a principal place of business at 75 Mountain Street, Sharon, Massachusetts.

### FACTUAL ALLEGATIONS

3. Plaintiff was employed as a payroll specialist for Defendant, Sharon Public Schools from November 28, 2018 to November 17, 2020.

4. Defendant agreed to pay Plaintiff wages based upon a contract that was renewed each year.

5. Defendant's employee handbook expressly requires that Defendant pay overtime pay for hours worked in excess of forty (40) in any given week.

6. Defendant failed to pay Plaintiff overtime pay in violation of the policy in the handbook and in violation of State and Federal Wage and Overtime laws.

7. On November 13, 2020 Ms. Ciulla was seen by her doctor due to severe medical issues. Her doctor gave her a note indicating that she should not return to work until November 23, 2020.

8. This note was forwarded to the Defendant and they were notified that Ms. Ciulla was going to file for FMLA leave. She filed for FMLA on November 16, 2020.

9. Defendant terminated Ms. Ciulla on November 17, 2020.

## CLAIMS FOR RELIEF

### COUNT I

### Fair Labor Standards Act (FLSA)
### 29 U.S.C. § 201 et. Seq.

10. Ms. Ciulla incorporates Paragraphs 1-9 as if fully set forth herein.

11. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff within the meaning of the FLSA (29 U.S.C. § 207).

12. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendant within the meaning of the FSLA (29 U.S.C. § 207).

13. At all times relevant to this Complaint, Defendant employed Plaintiff, suffering or permitting them to work within the meaning of the FSLA (29 U.S.C. § 207).

14. Defendant failed to pay overtime compensation to Plaintiff for all such work in a timely manner, in violation of the FSLA.

15. Such failures constituted outrageous conduct, made knowingly and willfully, because of Defendant's evil motive or reckless indifference to Plaintiff's rights.

16. As a result of Defendant's violation of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with multiple damages, attorneys' fees and costs of litigation.

WHEREFORE, the Plaintiff requests a judgment against the Defendant for all damages provided by law including attorneys' fees, costs and interest.

### COUNT II

### Massachusetts Fair Wage Law
### M.G.L. c. 149, §§ 33B–33C and M.G.L. c. 151

17. Ms. Ciulla incorporates Paragraphs 1 – 16 as if fully set forth herein.

18. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff within the meaning of the Massachusetts Wage Act and the Massachusetts Fair Wage Law (M.G.L. c. 149, §§ 33B–33C and M.G.L. c. 151).

19. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of the Massachusetts Wage Act and the Massachusetts Fair Wage Law (M.G.L. c. 149, §§ 33B–33C and M.G.L. c. 151).

20. At all times relevant to this Complaint, Defendant employed Plaintiff, suffering or permitting her to work within the meaning of Massachusetts Wage Act and the Massachusetts Fair Wage Law (M.G.L. c. 149, §§ 33B–33C and M.G.L. c. 151).

21. Defendant failed to pay overtime compensation to Plaintiff for all such work in a timely manner, in violation of the Massachusetts Wage Act and the Massachusetts Fair Wage Law.

22. Such failures constituted outrageous conduct, made knowingly and willfully, because of Defendant's evil motive or reckless indifference to Plaintiff's rights.

23. As a result of Defendant's violation of the Massachusetts Wage Act and the Massachusetts Minimum Fair Wage Law, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with multiple damages, attorneys' fees and costs of litigation.

WHEREFORE, the Plaintiff requests a judgment against the Defendant for all damages provided by law including attorneys' fees, costs, and interest.

### COUNT III

### Breach of Contract

24. Ms. Ciulla incorporates Paragraphs 1 – 23 as if fully set forth herein.

25. Defendant entered into an unambiguous and enforceable contract that requires Defendant to pay the Plaintiff in the form of wages, which includes overtime pay.

26. Plaintiff worked continuously, diligently and effectively on behalf of the Defendant, fulfilling her contractual obligations to perform work.

27. In breach of their contract with the Plaintiff, the Defendant has failed to pay the Plaintiff overtime pay.

28. As a result of Defendant's breach of its contract, the Plaintiff has incurred harm and loss.

WHEREFORE, the Plaintiff requests a judgment against the Defendant for all damages provided by law including attorneys' fees, costs, and interest.

### COUNT IV

### Unjust Enrichment

29. Ms. Ciulla incorporates Paragraphs 1 – 28 as if fully set forth herein.

30. Defendant has been unjustly enriched at the expense of the Plaintiff by receiving the benefit of the Plaintiff's services without paying her the proper compensation.

31. As a result, Plaintiff has incurred and will incur damages.

WHEREFORE, the Plaintiff requests a judgment against the Defendant for all damages provided by law including attorneys' fees, costs, and interest.

## COUNT V

### Violation of the Family and Medical Leave Act
### 29 U.S.C. § 2601, et seq.

32. Ms. Ciulla incorporates Paragraphs 1-31 as if fully set forth herein.

33. Plaintiff worked for Defendant for more than 12 months and otherwise met the prerequisites to file for FMLA protection.

34. Plaintiff suffered from a "serious health condition" that rendered her unable to perform one or more of the essential functions of her job without intermittent leaves of absence.

35. Defendant was required to provide Plaintiff with intermittent leave or absence as prescribed by her doctor until she used the equivalent of 12 workweeks in a 12-month period.

36. Defendant terminated Plaintiff as she was in the process of filing for FMLA leave in violation of 29 U.S.C. § 2601, et seq.

37. As a result of Defendant's actions, the Plaintiff suffered harm.

WHEREFORE, the Plaintiff requests judgment in her favor and further requests that this Court award her lost wages, emotional distress damages, punitive damages, costs, attorney fees and all damages this Court deems just and proper.

## COUNT VI

### Retaliation

38. Ms. Ciulla incorporates Paragraphs 1-37 as if fully set forth herein.

39. As a result of engaging in protected activity as outlined in Counts I, II and V of this Complaint, Defendant retaliated against Ms. Ciulla by imposing adverse employment actions against her, limiting her job opportunities and pay, instituting adverse employment actions against her, terminating her and treating her in a hostile manner.

40. As a result of this treatment, Ms. Ciulla suffered severe damages including loss of occupational opportunities and income and severe emotional distress.

WHEREFORE, the Plaintiff requests judgment in her favor and further requests that this Court award her lost wages, emotional distress damages, punitive damages, costs, attorney fees and all damages this Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

Paraskevi Ciulla
Plaintiff,
By her Attorney,

*David Stillman*

David H. Stillman, Esq. (BBO#555554)
STILLMAN & ASSOCIATES, PC
51 Mill Street, Suite 11
Hanover, MA 02339
Tel. 781-829-1077
Fax 781-829-2077
dhs@stillmanlegal.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON DIVISION
C.A. NO. _____

PARASKEVI CIULLA, )
)
Plaintiff, )
v. )
)
SHARON PUBLIC SCHOOLS, )
)
Defendant. )

## VERIFICATION OF COMPLAINT

I, Paraskevi Ciulla, being first duly sworn, state that I am the plaintiff in the above-entitled action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to the best of my knowledge and belief.

_____
Paraskevi Ciulla

March 1st, 2021